UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

COLLEEN M. KOCH,
    Plaintiff,

v.                                        Case No. 12-C-0121

NORTHWESTERN MUTUAL LIFE
INSURANCE,
    Defendant.

## DECISION AND ORDER

Plaintiff Colleen M. Koch has filed this employment-discrimination action against Northwestern Mutual Life Insurance Company. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915.

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts, Nietzke v. Williams, 490 U.S. 319, 324 (1989), and applies to both nonprisoner plaintiffs and to plaintiffs who are incarcerated, Floyd v. United States Postal Serv., 105 F.3d 274, 275-77 (6th Cir. 1997) ("[T]he only logical interpretation of the statute is that non-prisoners have the option to proceed in forma pauperis under § 1915(a)."). Here, the heightened requirements of the Prison Litigation Reform Act do not apply. See West v. Macht, 986 F.Supp. 1141, (W.D. Wis. 1997). Under § 1915, an indigent party may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the

nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Plaintiff has filed the required affidavit of indigence. Upon review of the affidavit, the court is satisfied that she meets the poverty requirements of 28 U.S.C. § 1915. Additionally, plaintiff has stated the nature of this action and asserted her belief that she is entitled to redress.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's request to proceed in forma pauperis is **GRANTED**.

**IT IS ADDITIONALLY ORDERED**, pursuant to Fed. R. Civ. P. 4(c)(3), that the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon defendant. Plaintiff is advised that Congress requires the U.S. Marshal's Service to charge for making or attempting such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8 per item. 28 C.F.R. § 0.114(a)(2). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

Plaintiff, however, should provide defendant or its counsel with copies of all future motions or papers filed by the plaintiff in this action.

Dated at Milwaukee, Wisconsin this 10th day of February 2012.

s/_____
LYNN ADELMAN
District Judge

2